UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD JACOBSON,

       Petitioner,                              Case No. 17-cv-10155
                                                          Hon. Matthew F. Leitman

v.

ROBERT NAPEL and the
MICHIGAN PAROLE BOARD,

       Respondents.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I**

On January 17, 2017, Petitioner Brad Jacobson ("Jacobson") filed a *pro se* petition for a writ of habeas corpus ("the Petition"). (*See* ECF #1.) The Petition challenges the Michigan Parole Board's decision not to release Jacobson on parole. Jacobson seeks federal habeas relief on grounds that: (1) the Parole Board violated his double jeopardy rights by denying him release on parole (a) for reasons that were taken into account at sentencing and (b) based, in part, on his prior criminal conviction; and (2) the Parole Board breached his plea and sentencing agreement. The Court has determined, for reasons given below, that the Parole Board did not

1

violate Petitioner's constitutional rights when it declined to release Petitioner on parole. Accordingly, the Court will **DISMISS** the Petition.

## II

The Petition and exhibits indicate that, in 2014, Jacobson pleaded guilty in Shiawassee County, Michigan to unlawful driving away an automobile ("UDAA"), Mich. Comp. Laws § 750.414. Jacobson contends that entered his plea pursuant to a plea agreement that called for a sentence of between eighteen months and fifteen years in prison. On February 21, 2014, the state trial court sentenced Jacobson as a habitual offender[1] to imprisonment for eighteen months to fifteen years. In 2015 and 2016, the Parole Board declined to release Jacobson on parole. Thereafter, Jacobson attempted to obtain habeas corpus relief in state court, but the state courts denied or rejected his petitions. Jacobson commenced this action on January 17, 2017. He seeks immediate and unconditional release from prison.

## III

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006)

---

[1] Jacobson's criminal history includes prior convictions for second-degree home invasion, UDAA, and attempted criminal sexual conduct in the third degree. *See* Pet. at page IV.

(quoting Rule 4). To obtain habeas relief from a federal court, a state prisoner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).

## A

Jacobson's first claim alleges that the Parole Board unconstitutionally relied on the nature of his crime, his past crimes, and his personal history to deny him release on parole. Jacobson contends that the Parole Board's reliance on these factors violated his right to due process and his right not to be placed in double jeopardy.

### 1

Jacobson's double jeopardy claim lacks merit because "parole determinations are not considered criminal punishment for the purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001) (citing *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994)). Thus, Double Jeopardy Clause does not apply to parole proceedings. *Sand v. Bogan*, 21 F.3d 428, 1994 WL 112862, at *2 (6th Cir. 1994) (unpublished opinion citing *Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983)). The denial of parole here did not violate Jacobson's rights under the Double Jeopardy Clause. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 745 (6th Cir. 2002) (rejecting similar double jeopardy claim).

3

To prevail on his due process claim, Jacobson "must allege that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). The interest implicated here is a liberty interest, but the Supreme Court has stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "The Supreme Court has made it clear that a mere unilateral hope or expectation of release on parole is not enough to constitute a protected liberty interest; the prisoner 'must, instead, have a legitimate claim of *entitlement* to it.' " *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz*, 442 U.S. at 7) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)) (emphasis added in *Inmates of Orient Corr. Inst.*).

Such a claim of entitlement to parole "can be created only by the operation of state law." *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011) (citing *Inmates of Orient Inst.*, 929 F.2d at 235). The question then is whether under state law Jacobson "had 'a legitimate claim of entitlement to' parole, rather than 'an abstract need or desire for it.' " *Id.* at 399 (quoting *Greenholtz*, 442 U.S. at 7) (quoting *Roth*, 408 U.S. at 577).

"Michigan's parole system creates no legitimate claim of entitlement to parole, and thus no liberty interest in parole." *Wershe*, 763 F.3d at 506 (quotation marks omitted); *see also Crump*, 657 F.3d at 404 (same). "[A]nd where there is no life, liberty, or property interest, there is no due process protection." *Sova v. Holder*, 451 F. App'x 543, 547 (6th Cir. 2011) (citing *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006)). Thus, Petitioner's due process claim lacks merit.

**B**

Jacobson's final claim alleges that the Parole Board breached his plea and sentencing agreement to serve a sentence of eighteen months to fifteen years in prison. While it is true that "[p]lea agreements are contractual in nature," *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007), Petitioner has failed to show any breach. He has not served more time than he bargained for. He did not bargain to serve only the minimum; he bargained for a sentence of no more than fifteen years, and he has not yet served more time than that. Thus, his breach of contract claim fails.

**IV**

Jacobson has failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, **IT IS HEREBY ORDERED** that the Petition is summarily

**DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

V

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Jacobson's claims have no basis in federal constitutional law. Consequently, reasonable jurists would not disagree with the Court's resolution of the Petition, nor conclude that the issues deserve encouragement to proceed further. Accordingly, **IT IS HEREBY ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that if Jacobson appeals this Court's decision, he may not proceed *in forma pauperis* on appeal. Although he was granted *in forma pauperis* status in this Court, an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
